UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Joy Smith,<br><br>　　　Plaintiff,<br><br>v.<br><br>Illinois Collections, Inc.,<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Joy Smith ("Joy"), is a natural person who resided in Rockford, Illinois, at all times relevant to this action.

2. Defendant, Illinois Collections, Inc. ("IC"), is an Illinois corporation that maintained its principal place of business in Atlanta, Georgia, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, IC collected consumer debts.

6. IC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

1

7. The principal source of IC's revenue is debt collection.

8. IC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, IC contacted Joy to collect a debt that was allegedly incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Joy is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Between 2016 and 2017, Joy was a resident at Harrison View Apartments (HVA).

13. During her residency at HVA, Joy paid all rent monies due to HVA.

14. Upon the expiration of her lease, the apartment was returned to HVA in a condition as good, or better, than when Joy first took possession.

*IC's Initial Threatening Letter to Joy*

15. On February 24, 2021, IC mailed a letter to Joy threatening her with possible legal action concerning an alleged debt Joy owed to HVA ("Threatening Letter"). *See* Exhibit A.

16. The Threatening Letter's heading, in large, bold, font stated, "POSSIBLE LEGAL ACTION".

17. The Threatening Letter stated that Joy's failure to pay the debt within 30 days "may result in a Lawsuit being filed against [her]".

18. IC drafted the Threatening Letter with the intent to coerce consumers, like Joy, into paying money, whether owed or not, to prevent a lawsuit.

19. At the time IC drafted and mailed the Threatening Letter to Joy, it did not intend to file a lawsuit against Joy.

20. At the time IC drafted and mailed the Threatening Letter to Joy, IC was incapable of initiating legal action against Joy.

21. Prior to the Threatening Letter being drafted and mailed to Joy, an attorney did not review the letter.

22. Prior to the Threatening Letter being drafted and mailed to Joy, an attorney representing IC did not review Joy's file nor did an attorney representing IC have meaningful involvement in Joy's file.

23. The Threatening Letter alleged IC was a "debt collection *firm* with attorneys *on staff* who are *able to commence* legal action if necessary" (emphasis added).

24. At the time the Threatening Letter was drafted and mailed to Joy, IC did not have any attorneys on staff able to commence legal action against Joy.

25. Upon reading the Threatening Letter, Joy believed that IC was a law firm.

26. At the time the Threatening Letter was sent, IC was not a law firm.

27. IC has never been a law firm.

28. Upon reading the Threatening Letter, Joy believed that IC was preparing to imminently file litigation against her on a debt she did not owe.

29. The Threatening Letter also claimed that:

    "Attorney Peter R. Gruber, Esq. is In-House Counsel for Illinois Collections. Inc. Attorney Gruber is licensed to practice law in the State of Illinois. If legal action is required outside of the State of Illinois, a contract attorney will handle the matter at the direction of In-House Counsel".

30. At the time the letter was drafted and mailed to Joy, Attorney Gruber was not In-House Counsel at IC.

31. Attorney Gruber never authorized IC to list his name as "In-House Counsel" on letters sent to consumers.

32. The Threatening Letter's references to Attorney Gruber's involvement with IC were false.

*IC's Misrepresentations and False Statements Online*

33. IC's threats, deception and problematic practices are not unique to the Threatening Letter.

34. For example, at the time of filing, IC's website homepage stated, "although we are not a law firm, we have experienced collection attorneys on contract, and they are ready to help you succeed. This is what makes Illinois Collection Inc. the best in the business. *Exhibit B*, https://illinoiscollectionsinc.com/ Last visited 2/24/22.

35. Also, for example, at the time of filing, IC's website states:

    "We realized a good bit ago that having contract attorneys on hand to handle creditor's rights issues helps us obtain the best solution for our clients. This is why our team of collection specialists, In-House Counsel and Contract attorneys work together to provide you the best results possible." *See* Exhibit C.

36. Also, for example, at the time of filling, the information Google regurgitated from IC's webpage's metadata supplied by IC states, "Illinois Collections Inc. is an independent law firm in Naperville, providing exceptional legal counsel and personalized legal services." *See* Exhibit D.

37. Illinois Collections Inc. is not a law firm in Naperville.

38. IC uses its access to lawyers, employment of in-house attorneys, status of a law firm and references to attorneys on staff to instill fear in consumers.

39. One of the purposes of the FDCPA is to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged from debt collectors who are willing to engage in abusive practices. 15 U.S.C. 1692 – *Congressional Findings and Declaration of Purpose*s, (e)

40. As a result of statements made and actions undertaken by IC, their law-abiding competitors are competitively disadvantaged and needless consumers are harmed.

41. In this case, at the time Joy received the Threatening Letter, Joy did an online search of IC and concluded based on IC's statements in the letter, combined with its statements online, that IC was a law firm threatening to sue her.

42. In this case, Joy believed her options were to pay a debt that she didn't owe or to be subject to litigation.

43. Consumers, like Joy, are deceived by IC's conduct.

*Attorney Gruber's, Actual, Limited Involvement with IC*

44. At no time was Attorney Gruber employed as an Attorney for IC.

45. Rather, Attorney Gruber, would on occasion and on a limited basis, conduct work on behalf of IC solely as an Independent Contractor.

46. At all times Attorney Gruber was working as an Independent Contractor for IC, IC was managed by Nina Cunningham ("Nina") and Craig Cunningham ("Craig").

47. During the scope of Attorney Gruber working as an Independent Contractor, Attorney Gruber eventually became uncomfortable with the requests made by Nina and Craig.

48. For example, on more than one occasion, Nina and Craig demanded Attorney Gruber file lawsuits against consumers, like Joy, that Attorney Gruber was uncomfortable filing.

49. In response to those demands, Attorney Gruber refused Nina and Craig's requests.

50. In part due to Nina and Craig's requests, in December 2020, Attorney Gruber notified IC that he no longer wanted to cover hearings, file lawsuits, or be an independent contractor with IC.

51. At that time, Attorney Gruber accepted employment with the Illinois Department of Children and Family Services.

52. Therefore, at the time IC drafted and mailed the Threatening Letter to Joy, Attorney Gruber was employed by the State of Illinois.

53. IC, and its principal's problematic practices are not unique to their collection letters and online presence.

*Nina's Debt Disclosure*

54. In April 2021, counsel for Plaintiff notified IC that he represented Joy in her allegations that IC had violated Federal law, the basic facts surrounding his representation, demanded that IC preserve any evidence relating to the claims, and notified IC that Joy disputed the debt.

55. Despite Joy's dispute of the debt through, IC failed to appropriately notify its client and/or the credit reporting agencies that Joy had disputed the debt.

56. As such, again in early June 2021, counsel for Plaintiff again notified IC that Joy disputed the debt and notified IC of its obligations under 15 U.S.C. 1692e(8).

57. Rather than respond to Plaintiff's counsel, on or around June 8, 2021, in connection with the collection of Joy's alleged debt, Nina, acting on behalf of IC, communicated with a third party.

58. During this communication, without Joy's prior consent, Nina, acting on behalf of IC, disclosed Joy's debt to a third party.

59. Nina's, acting on behalf of IC's, debt disclosure to a third party humiliated Joy.

60. Nina's conduct also caused Joy to become consumed with IC or Nina's future nightmare tactics to terrify Joy.

61. At the time of this communication with third parties, IC had Joy's location information and the contact information of her attorney.

62. As set out above, IC caused Joy considerable harm as its behavior, and other publicly accessible information online about the abovementioned parties, convinced Joy that she had fallen victim to a criminal enterprise.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

63. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 62 above as if fully set forth herein.

64. Defendant violated 15 U.S.C. § 1692c(b) by improperly communicating with a third party in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

65. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 62 above as if fully set forth herein.

66. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

67. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

68. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

69. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

70. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 62 above as if fully set forth herein.

71. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

72. Defendant's policies and procedures constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

73. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

74. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

Defendant violated 15 U.S.C. §1692d, generally with its policy and procedures of making false references to lawyers, false claims of possible legal action and its misrepresentations online.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

75. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 62 above as if fully set forth herein.

76. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

77. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 62 above as if fully set forth herein.

78. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

79. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

80. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: February 24, 2022         By:＿＿/s/ Jeffrey S. Hyslip＿＿＿＿＿＿＿＿
                                Jeffrey S. Hyslip, Esq.
                                1309 Park St., Suite A
                                McHenry, IL 60050
                                Phone: 614-490-4224
                                Email: jeffrey@hysliplegal.com

                                *Attorney for Plaintiff*